PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHICO RHASIATRY, El *et al.*, | ) | |
| | ) | CASE NO. 5:11cv00841 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| THOMAS MCCARTY, *et al.,* | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** |

Plaintiffs Chico Rhasiatry, El and Demond El-Muur, also known as Amin Ra, appear *pro se* and have filed the instant action alleging violations of federal laws codified at 42 U.S.C. §§ 1983, 1985 and 1986 and 18 U.S.C. §§ 241 and 242, various treaties, in addition to pendent State law claims of malicious prosecution, malicious abuse of process and intentional infliction of emotional distress, against Akron Municipal Court Judges Thomas McCarty and Katarina Cook and Assistant County Prosecutor Douglas Powley.

Also, before the Court is Plaintiffs' Emergency Petition for Writ of Habeas Corpus urging "relief of unlawful detention." ECF No. 3, *passim*.

## I. Background

Plaintiffs allege that when El-Muur was arraigned in Akron Municipal Court, Rhasiatry, who is not licensed to practice law in the State of Ohio, introduced himself as counsel El-Muur and informed Judge Cook that El-Muur was an "Aboriginal" who was entitled to be heard before a court of competent jurisdiction. Based upon Rhasiatry's introduction, Judge Cook allegedly "rushed to judgment" and assumed that Rhasiatry was engaging in the practice of law. ECF No.

(5:11cv00841)

1 at 2.  In a separate proceeding, Rhasiatry appeared before Judge McCarty who allegedly

prevented Rhasiatry from representing himself during his own arraignment and entered a plea of

not guilty on Rhasiatry's behalf.  ECF No. 1 at 3.

     Plaintiffs claim these actions deprived them of due process of law.[1]   The complaint also

contains general allegations asserting for example, "Defendants have constantly obstructed

justice according to law, (a) Obstructing justice, intimidating party, witness, or juror . . ." ECF

No. 1 at 7.

## II.  Analysis

     While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365

(1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss

an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous,

devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction.  *Apple v.

Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) *(citing Hagans v. Lavine*, 415 U.S. 528, 536-37

(1974))*.

     Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain

statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 129 S.Ct.

1937, 1949 (2009).  "*Pro se* plaintiffs are not automatically entitled to take every case to trial."

*Price v. Caruso*, 451 F.Supp.2d 889, 893 (E. D. Mich. 2006)*(quoting *Pilgrim v. Littlefield*, 92

F.3d 413, 416 (6th Cir.1996)).  For the  reasons stated below, this action is dismissed.

---

[1] Because the City of Akron has not been named as a party, Plaintiffs allegations against
that municipality are moot.

(5:11cv00841)

### A. Allegations *Via* Complaint

Despite Plaintiffs' myriad allegations, the facts show that the judges and prosecutor were acting within the scope of their responsibilities during Plaintiffs' court proceeding.  It is well established that judges are immune from liability for actions taken within the scope of their official duties.  *Pierson v. Ray*, 386 U.S. 547 (1967).  When the function complained of is truly a judicial act, judicial immunity applies.  *Yarbrough v. Garrett,* 579 F.Supp.2d 856, 860 (E.D. Mich., 2008)(citing *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994)).  There are no facts alleged reasonably suggesting that either Judge Cook or Judge McCarty acted outside the scope of her or his official duties when presiding over the matters involving Plaintiffs.

Plaintiffs allege that the prosecutor lacked jurisdiction in obtaining criminal charges against them.  Prosecutors are absolutely immune from liability under § 1983 for their conduct as long as that conduct is intimately associated with the judicial phase of the criminal process.  *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).  "The analytical key to prosecutorial immunity ... is advocacy-whether the actions in question are those of an advocate."  *Skinner v. Govorchin,* 463 F.3d 518, 525 (6th Cir. 2006) (citations and internal quotation marks omitted).  There is no indication in the complaint that Prosecutor Powley acted outside of the scope of his responsibilities in charging Plaintiffs with criminal activity.  Further, Aboriginals are not immune from prosecution nor entitled to special court proceedings.

Plaintiffs contend that Defendants' conduct in preventing Rhasiatry from representing El-Muur and also representing himself in his own case violates their rights to due process and equal protection of the law.  In *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), the Supreme Court stated

3

(5:11cv00841)

that "the initial inquiry [in a section 1983 action] must focus on whether the two essential

elements ... are present: (1) whether the conduct complained of was committed by a person acting

under color of State law; and (2) whether this conduct deprived a person of rights, privileges, or

immunities secured by the Constitution or laws of the United States." Ohio Revised Code

Section 4705.01 provides:

> No person shall be permitted to practice as an attorney and counselor at law, or to
> commence, conduct, or defend any action or proceeding in which the person is not
> a party concerned, either by using or subscribing the person's own name, or the
> name of another person, unless the person has been admitted to the bar by order of
> the supreme court in compliance with its prescribed and published rules.  Except
> as provided in section 4705.09 of the Revised Code or in rules adopted by the
> supreme court, admission to the bar shall entitle the person to practice before any
> court or administrative tribunal without further qualification or license.

The State of Ohio has important interest in regulating the unauthorized practice of law.

*American Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 334 (6th Cir.

2007).  "A state's interest in regulating the practice of law within its borders is compelling,

because lawyers are essential to the primary governmental function of administering justice."

*Blanton v. United States*, 94 F.3d 227, 234 (6th Cir. 1996) (quoting *Salibra v. Supreme Court of

Ohio*, 730 F.2d 1059, 1063 (6th Cir.)).  The regulation of the practice of law in Ohio is within the

exclusive jurisdiction of the Ohio Supreme Court *per* the Ohio Const. art. IV, § 5.  The

unauthorized practice of law consists of rendering legal services for another by any person not

admitted to the practice law in Ohio.  *See* Gov. Bar. R. VII(2)(A).

Rhasiatry, who is not admitted to the practice of law in Ohio, had no right to represent El-

Muur in his criminal case.  Therefore, Judge Cook acted in accordance with the law in

4

(5:11cv00841)

prohibiting Rhasiatry from representing El-Muur in a court of law.

**2.**

As to Rhasiatry's allegation that he was prohibited from representing himself in court and other violations of laws and treaties, the Akron Municipal Court Docket shows that, at the time he filed this action, he had a criminal case which was recently closed on May 13, 2011.[2]

A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present.  *See* *Younger v. Harris*, 401 U.S. 37, 44-45 (1971).  Abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions.  *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

All three factors supporting abstention are present in this case.  Although his case was recently closed, at the trial court level, because Rhasiatry has not exhausted his State court remedies, the case is deemed "on-going" for the purpose of satisfying the first element in *Younger*.  *See* *Huffman v. Pursue*, 420 U.S. 592, 606-611 (1975).  With respect to the two additional criteria, the Court finds that these factors are present as the issues presented are the subject of a State court criminal matter which are of paramount state or city interest and Rhasiatry has the opportunity to raise any defects in his criminal case in State court.  *See*

---

[2]http://courts.ci.akron.oh.us/cases/akroncourtcases.nsf/Traffic?ReadForm&CATYPE=Crimnal&CASENUM=1103088

(5:11cv00841)

*Younger*, 401 U.S. at 44-45.  Consequently, the Court is required to abstain from intervening in these ongoing State court proceedings.

**3.**

In the Complaint, Plaintiffs assert that Defendants conspired to obstruct justice by "intimidating party, witness, or juror...." in violation of  42 U.S.C. §§ 1985(2),(3).  Claims made under 42 U.S.C. § 1986 are dependent on a valid claim pursuant to 42 U.S.C. § 1985.  *Bass v. Robinson*, 167 F.3d 1041, 1051 n. 5 (6th Cir. 1999).  Because the Court is dismissing the claims under §§ 1985(2) and (3), Plaintiffs cannot prevail under § 1986.

**4.**

Plaintiffs also allege a conspiracy that they assert is actionable under 18 U.S.C. §§ 241 and 242, two criminal statutes.  In general, criminal statutes do not provide private causes of action.  *Banks-Bey v. Acxiom*,  2010 WL 395221 * 3 (N.D. Ohio, Jan 27, 2010).  Only a grand jury can indict a criminal defendant.  *Zukowski v. Bank of America*, 2009 WL 2132620 * 2 (S.D. Ohio, Jul. 7, 2009).  *See Williams v. Angel*, 2010 WL 3070175 *  3 (E.D.Mich., Aug, 4, 2010) (plaintiff has no standing to commence a criminal action in federal court); *Defluiter v. Ohio*, 2009 WL 773923* 1 (S.D.Ohio, Mar. 19, 2009) (same).  Therefore, Plaintiffs claims must fail because §§ 241, and 242 do not provide private causes of action.  *Banks-Bey v. Acxiom*,  2010 WL 395221 * 3.

6

(5:11cv00841)

### B. Emergency Petition for Writ of Habeas Corpus

Plaintiffs have filed an Emergency Petition for Writ of Habeas Corpus seeking the release of El-Muur from alleged unlawful detention by the Akron Municipal Court, the Akron Police Department and the remaining defendants. The petition is based on violations of due process of law, 18 U.S.C. §§ 241 and 242, and the Fourth, Fifth, Eighth, and Thirteenth Amendments and presumably premised on facts presented in the Complaint.

While the pleading indicates that both Rhasiatry and El-Muur petition the Court for a writ of habeas corpus, it appears from the pleading and the Akron Municipal Court Docket that only El-Muur was incarcerated at the time the petition was filed.[3] ECF No. 3. In fact, the Akron Municipal Court Docket shows that El-Muur's case is pending and, therefore, El-Muur has not fully exhausted his State court remedies–a requirement for the Court to exercise jurisdiction over a habeas petition.[4]

For the reasons detailed above, the *Younger* doctrine requires the Court abstain from intervening in ongoing State court proceedings. To the extent that the habeas petition constitutes a collateral attack on the pending State criminal judicial proceeding, the Court is precluded from interfering. The *Younger* doctrine generally prohibits the Court from disrupting state criminal proceedings. *Younger*, 401 U.S. 37, 44-45.

---

[3] http://courts.ci.akron.oh.us/cases/akroncourtcases.nsf/Traffic?ReadForm&CATYPE=Crimnal&CASENUM=1103089

[4] 28 U.S.C. § 2254(b)(1)(A)

(5:11cv00841)

A United States Court has the power, however, to enjoin state officers from instituting criminal actions when absolutely necessary under "extraordinary circumstances." *Id.* at 43-46. Courts have interpreted this "extraordinary circumstances" exception as encompassing such matters as official harassment and bad faith. *Hicks v. Miranda*, 95 S. Ct. 2281, 2292-93 (1975). Although El-Muur alleges harassment and improper conduct by State officials, the record reflects that the actions taken against El-Muur have not been brought in bad faith. Rather the judicial officers acted within their discretion. Thus, no exception to the *Younger* doctrine is warranted.

Accordingly, the habeas petition is dismissed in its entirety without prejudice. Petitioner may, if necessary, re-file his petition after fully exhausting his State court remedies. *See Mharaj v. Secy. of the Dept. of Corrections*, 304 F.3d 1345, 1349 (11th Cir. 2002) (finding that "[b]ecause [the petitioner's] resentencing has not occurred at the time he filed his habeas petition, his state court judgment had not become final, and thus his habeas petition . . . was not ripe for review at that time. Accordingly, . . . dismissal without prejudice . . . was not in error."); *see also Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006) (holding that a district court deciding to abstain under *Younger* has the option of either dismissing the case without prejudice or holding the case in abeyance).

### III.  Conclusion

For the reasons set forth above, the instant case, including both the complaint and petition for a writ of habeas corpus, is dismissed in its entirety. Because the federal claims in the complaint are dismissed, the Court declines jurisdiction over the pendent State

(5:11cv00841)

claims.  *See* *United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); 28 U.S.C. § 1367(c)(3).

Plaintiffs' Emergency Motion for Writ of Habeas Corpus is denied without prejudice.

IT IS SO ORDERED.


 May 26, 2011                          /s/ Benita Y. Pearson                 
Date                                    Benita Y. Pearson
                                        United States District Judge